FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM

NYSCEF DOC. NO. 1

INDEX NO. 657280/2020

RECEIVED NYSCEF: 12/24/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X

BREVET HOLDINGS, LLC, BREVET SHORT DURA-
TION PARTNERS, LLC (f/k/a Brevet Capital Partners III,
LLC), BREVET SHORT DURATION HOLDINGS, LLC
(f/k/a Brevet Capital Holdings III, LLC), and BREVET
CAPITAL MANAGEMENT, LLC,

                                        Plaintiffs,

              -against-

ENASCOR, LLC, d/b/a ENASCOR CAPITAL
MANAGEMENT, and PAUL IACOVACCI,

                                        Defendants.

-----------------------------------------------------------------------X

Index No.

**VERIFIED COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiffs Brevet Holdings, LLC, Brevet Short Duration Partners, LLC (f/k/a Brevet

Capital Partners III, LLC), Brevet Short Duration Holdings, LLC (f/k/a Brevet Capital Holdings

III, LLC), and Brevet Capital Management, LLC (collectively, "Brevet" or "Plaintiffs"), by and

through their attorneys, Reed Smith LLP, allege on personal knowledge as to matters relating to

themselves and on information and belief as to all other matters, as follows:

## NATURE OF ACTION

1.      Defendant Paul Iacovacci ("Iacovacci") was a Managing Director of Brevet until

he was terminated for cause, including active disloyalty, in 2016.  Along with Mark Smith,

Iacovacci recently launched a new firm, Defendant Enascor LLC d/b/a Enascor Capital

Management ("Enascor," and collectively with Iacovacci, "Defendants").  Iacovacci has stated

that Enascor intends to compete against Brevet in the markets for investors and borrowers.

2.      Brevet has spent many years and enormous financial resources developing a

business model that provides great value to both investors and borrowers.  To aid in its mission,

Brevet uses confidential communications to differentiate Brevet from other competitors in the

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM    INDEX NO. 657280/2020
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 12/24/2020

market for appropriate investors and in the market for appropriate borrowers. Brevet's proprietary communications enable it to provide valuable services and goods to both investors and borrowers. Brevet's protected communications were created, refined, improved, and used after considerable deliberation, drafting, and legal/regulatory oversight and approvals. These communications constitute core confidential property of and are of irreplaceable value to Brevet.

3.      Brevet welcomes honest and fair competition; it provides value to investors and borrowers. Defendants, however, are engaged in shockingly dishonest and deceitful competition. This action is necessitated by Defendants' theft and misappropriation of Brevet's ideas, hard work, successes – indeed, its very identity. Defendants have stolen protected Brevet communications describing the unique manner in which Brevet brings value to investors and borrowers as well as actual deals that Brevet has done. Shamefully, Defendants have taken the Brevet materials, word-for-word, deleted the name "Brevet", and inserted "Enascor", and falsely passed off the stolen information to unsuspecting potential investors and borrowers.

4.      In the commercial, competitive context, few acts are as damaging to Brevet and to investors and borrowers as Defendants' fraudulent palming off of Brevet's skill, foresight, and industry knowledge. The deception and cowardice inherent in Defendants' theft is the basis of the claims asserted in this Complaint for unfair competition, false and deceptive acts and practices, theft, misappropriation, and misuse of Brevet confidential information by both Defendants, as well as additional breaches of contract and breaches of duty by Iacovacci himself. Brevet is entitled to: (1) damages, both compensatory and punitive; (2) injunctive relief halting Defendants' unlawful conduct, and (3) other equitable relief including a constructive trust over the ill-gotten gains that Defendants have stolen from Brevet and its actual and potential investors and borrowers.

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM

NYSCEF DOC. NO. 1

INDEX NO. 657280/2020

RECEIVED NYSCEF: 12/24/2020

## PARTIES

5.      Plaintiff Brevet Holdings LLC is a privately-held limited liability company duly organized and existing under the laws of Delaware, with its principal place of business in New York, New York.

6.      Plaintiff Brevet Short Duration Holdings, LLC is a privately-held limited liability company duly organized and existing under the laws of Delaware.

7.      Plaintiff Brevet Short Duration Partners, LLC is a privately-held limited liability company duly organized and existing under the laws of Delaware.

8.      Plaintiff Brevet Capital Management, LLC is a privately-held limited liability company duly organized and existing under the laws of Delaware, with its principal place of business in New York, New York.

9.      Defendant Enascor, LLC is a Delaware limited liability company, with its principal place of business in Texas, doing business as Enascor Capital Management.

10.      Defendant Iacovacci is a resident of Texas, and, until October 14, 2016, was a Managing Director of Brevet Holdings and a Member of Brevet Short Duration Holdings, LLC and Brevet Short Duration Partners, LLC (the "Short Duration LLCs").

## JURISDICTION AND VENUE

11.      Jurisdiction exists over Defendants under CPLR 302, including without limitation because Defendants committed tortious acts that Defendants should reasonably have expected to have consequences in New York and caused injury to Brevet in New York.  Upon information and belief, Defendants derive all or substantially all of their revenue from interstate or international commerce.

12.      Venue is proper in this Court under CPLR 503, including because Brevet has its principal office in New York County.

3

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM    INDEX NO. 657280/2020
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 12/24/2020

## FACTUAL BACKGROUND

13.    Defendants recently began competing against Brevet.  In December 2020, Brevet was made aware of certain Enascor written communications that improperly stole Brevet's confidential and proprietary information.  In some circumstances, not only were the proprietary descriptions identical to Brevet's, but even the purported record of Enascor's experience and borrowers were in fact a recitation of Brevet's experience and borrowers, not Enascor's.

14.    All investment adviser sales and marketing communications are subject to laws and rules enforced by the Securities and Exchange Commission ("SEC").  For example, Section 206(1)-(2) of the Investment Advisers Act of 1940, as amended, includes prohibitions against employing "any device, scheme, or artifice to defraud any client or prospective client" or engaging in "any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client".  Defendants' communications are untrue, false, and misleading in at least the following respects:

    a.    Enascor described its business using Brevet's description of Brevet's business.

    b.    Enascor identified "our latest borrowers" using Brevet's borrowers.

    c.    Enascor identified "our recent experience" using Brevet's experience.

15.    The SEC enforces rules regarding the portability of track record information and its use in marketing materials.  For example, a member of a team who has moved to a new company generally cannot tout the track record of the member's prior employer unless other investment decision makers with whom the member had worked at the prior employer moved with the member.

16.    Plaintiff Brevet Capital Management, LLC is a registered investment adviser.  As such, it has compliance and reporting obligations under the Investment Advisers Act, which is

4

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM     INDEX NO. 657280/2020
NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 12/24/2020

administered by the SEC.  In order to ensure that its materials and operations were in compliance with applicable law, in or about 2012, Brevet developed sourcing guidelines.  Those sourcing guidelines include approval processes for Brevet's documentation and communications, including Brevet's communications with its prospective investors and borrowers.

17.    The typical approval process has several layers, starting with Brevet's sourcing team and going up to Brevet's executive team.  Typically, work product is reviewed by legal and/or compliance advisers before it is approved.

18.    Communications with prospective investors are specifically regulated.  Brevet only approaches "qualified" investors, prohibiting mass marketing to unknown – and potentially unqualified – persons.  Accordingly, the wording and content of communications to investors is vetted before being approved for marketing purposes.  A similar process is used for communications to prospective borrowers.

19.    Among Brevet's confidential and proprietary documentation are sourcing presentations and deal sourcing templates for use with both prospective investors and borrowers (the "Communications").  The Communications, which have evolved over time, are not intended to be shared with competitors.  The Communications are not public; nor are they on Brevet's website.  The Communications are products of a community of thought concerning how best to portray and articulate Brevet's business, with key structural and financial information that would be most helpful to the targeted recipients.

20.    The Communications:  describe Brevet's business in carefully vetted, proprietary terms (two paragraphs); set forth examples of actual Brevet borrowers, using Brevet's unique or differentiated method for doing so, as described in the following paragraph; and set forth Brevet's actual experience in various types of financing.

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM    INDEX NO. 657280/2020

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 12/24/2020

21.    Brevet developed a method of describing its borrowers that differs from the standard used by other firms.  Other firms traditionally use a list of metrics, such as "middle market companies in x industries, starting at $x million EBITDA."  Brevet, on the other hand, uses factual vignettes to describe its borrowers.  For example, Brevet describes one borrower as a

███████████████████████████████████

█████████████ ".

22.    Whenever Brevet emails the Communications outside of Brevet, the Communications carry with them a "confidentiality" designation that provides, in substance, that the Communications are intended only for the recipient(s) listed; that their contents are confidential; and that it is strictly prohibited to use or copy the Communications.

23.    In 2014, Defendant Iacovacci emailed himself a version of the Communications, under a subject line that read "Brevet information".  Iacovacci knew that the information contained in the Communications was owned by Brevet, was valuable, proprietary Brevet work product, and was confidential.

24.    In or about December 2020, Plaintiffs discovered that Defendants were using the Brevet Communications virtually verbatim.  A side-by-side comparison shows (via underlining) the extent of Defendants' substantial and inexcusable misappropriation:

| Communication, "Brevet information" (Exhibit A hereto (to be filed under seal)) | Enascor Material (Exhibit B hereto (to be filed under seal)) |
|---|---|
| ███████████████████ | ███████████████████ |

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM

NYSCEF DOC. NO. 1

INDEX NO. 657280/2020

RECEIVED NYSCEF: 12/24/2020



7

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM    INDEX NO. 657280/2020

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 12/24/2020



25.    Other versions of the Communications, which Defendant Iacovacci had access to while at Brevet, listed additional items under "Our recent experience."  Defendants misappropriated these additional items in preparing their investor/borrower communications.

26.    Thus, Defendants simply took Plaintiffs' proprietary work product, substituted "Enascor" for "Brevet," and falsely passed off the content – textually and substantively – as their own.  Enascor's usurpation of the Communications not only leads to confusion for the recipients; it is also false and/or misleading.

27.    Defendants also misappropriated Brevet's "Firm Overview," a one-page proprietary document subject to the same scrutiny, creation, and approval process as the Communications, in creating an identically named "Firm Overview" for Defendant Enascor.  Defendants' virtual wholesale adoption of substantive parts of Brevet's one-pager exacerbates the misleading nature of their misappropriation of Brevet's Communications.

28.    In the example annexed hereto as Exhibit C, which Defendant Iacovacci emailed to himself while at Brevet, Brevet's Firm Overview contains four sections, the titles of which appear verbatim in Enascor's Firm Overview, annexed hereto as Exhibit D.  In addition, Defendants used or paraphrased many of Brevet's carefully honed articulations of the attributes under each section, in the same order as they appear in Brevet's document, as set forth in the following table:

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM

NYSCEF DOC. NO. 1

INDEX NO. 657280/2020

RECEIVED NYSCEF: 12/24/2020

| Brevet Firm Overview (Exhibit C hereto (to be filed under seal)) | Enascor Firm Overview (Exhibit D hereto (to be filed under seal)) |
| --- | --- |
|  |  |

9

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM
NYSCEF DOC. NO. 1

INDEX NO. 657280/2020
RECEIVED NYSCEF: 12/24/2020



29.     Defendants' dishonest actions in misappropriating Brevet's property are further exacerbated because Defendant Iacovacci is prohibited from having access to or using Brevet's proprietary and confidential documents.

30.     Defendant Iacovacci was a Member of the Short Duration LLCs from January 21, 2009 to October 14, 2016.  As a Member of the Short Duration LLCs, Defendant Iacovacci was bound by the LLC Agreements for the Short Duration LLCs ("Short Duration LLC Agreements"), which have continuing obligations.  The Short Duration LLC Agreements provide that Members have no right or interest in any Company writings.  Specifically, section 7.3 of the Short Duration LLC Agreements, entitled "Company Property," provides in pertinent part:

> Section 7.3 Company Property.  Any and all writings, inventions, improvements, processes, techniques, copyrights, trademarks, tradenames, service marks, and other intangible or intellectual property rights relating to the Company or any of its affiliates that may be invented, conceived, developed or enhanced by the Company or by the Members prior to, or during, their membership in the Company (collectively, the "Company Property"), shall be the sole property of the Company

10

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM    INDEX NO. 657280/2020

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 12/24/2020

and the Member hereby waives any right or interest that he may otherwise have in respect thereto.

31.    The Short Duration LLC Agreements also impose a duty of confidentiality that continues even after Defendant Iacovacci was no longer affiliated with Brevet, and require Iacovacci to return all Brevet documents when he ceased to be a member.  Specifically, section 7.2 of the Short Duration LLC Agreements, entitled "Confidential Information," provides (emphasis added):

> Section 7.2 <u>Confidential Information</u>.  During the time that a Member owns his Interest in the Company **and at all times thereafter**, a Member shall (i) not use for his personal benefit and shall keep secret and non-public any and all proprietary information and knowledge concerning the Company and any of its affiliates, including, without limitation, the know-how, trade secrets and any information relating to the trading systems, processes, services and clients and other business and financial affairs of the Company and any of its affiliates (collectively, the "Confidential Information") to which he has had or may have access, and (ii) shall not disclose such Confidential Information to any person other than (x) the Company and such other persons to whom the Member has been instructed to make disclosure by the Company in each case only to the extent required in the course of the Member's service to the Company or as otherwise expressly required in connection with court process, (y) as may be required by law, or (z) to the Member's personal advisers for purposes of enforcing or interpreting this Agreement, or to a court for the purpose of enforcing or interpreting this Agreement, and who in each case have been informed as to the confidential nature of such Confidential Information and, as to advisers, their obligation to keep such information confidential.  Upon ceasing to be a Member for any reason, the Member shall (x) deliver to the Company all documents, papers and records, and (y) destroy all of the electronic media, in his possession or subject to his control that (i) belongs to the Company, or (ii) contains or reflects any information concerning the Company and its affiliates.  Upon request of the Company, the former Member shall provide the Company with confirmation reasonably satisfactory to the Managing Member of the destruction of the electronic media referred to in the immediately preceding sentence.

32.    The Communications and the Firm Overview are documents that belong to the Short Duration LLCs and/or contain or reflect information concerning Brevet.  Accordingly, Defendant Iacovacci was obligated to return to Brevet all paper copies and to destroy all electronic copies of those documents.  The charts above demonstrate that Defendant Iacovacci

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM
NYSCEF DOC. NO. 1

INDEX NO. 657280/2020
RECEIVED NYSCEF: 12/24/2020

did not abide by these contractual requirements. More pertinently, Defendant Iacovacci is now using Brevet's own information, which Defendant Iacovacci wrongly maintained, to compete directly against Brevet.

33.     Brevet welcomes lawful competition. Defendants' actions and the use of Brevet's proprietary materials, however, constitute dishonest, unlawful, and unfair competition.

34.     Plaintiffs have satisfied any and all preconditions to suit and to the assertion of claims herein except those that have been waived or are unenforceable.

35.     Each Cause of Action below is asserted against each Defendant, jointly and severally, except the Seventh Cause of Action, which is asserted solely against Defendant Iacovacci.

### FIRST CAUSE OF ACTION
### UNFAIR COMPETITION (MISAPPROPRIATION)

36.     Brevet repeats and realleges as if fully set forth herein all other paragraphs of this pleading except those alleged in this cause of action.

37.     The acts described herein constitute unfair competition in violation of the law of the State of New York.

38.     Brevet invested substantial time, skill, and money in developing its confidential business materials.

39.     Defendants misappropriated and unlawfully used Brevet's property by using Brevet's proprietary and confidential documents and information without Brevet's authorization or consent and passing them off as their own, as set forth herein.

40.     Defendants' actions were carried out in bad faith and/or with the intent to injure Brevet's business, and to seek an unfair advantage in competing with Brevet.

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM

NYSCEF DOC. NO. 1

INDEX NO. 657280/2020

RECEIVED NYSCEF: 12/24/2020

41.    As a direct result of Defendants' unfair competition, Brevet has suffered damages in an amount to be determined at trial.

42.    Defendants' acts are egregious, intentional, wanton, and malicious. Brevet is entitled to punitive damages.

43.    As a direct result of Defendants' unfair competition, unless such conduct ceases, Brevet will continue to be threatened with and suffer irreparable harm for which Brevet possesses no adequate remedy at law. In addition to damages, Brevet is entitled to injunctive relief against Defendants, enjoining them from using Brevet's confidential or proprietary information or business materials, or any derivation thereof, and mandating the return and destruction of all such materials.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION (PALMING OFF)

44.    Brevet repeats and realleges as if fully set forth herein all other paragraphs of this pleading except those alleged in this cause of action.

45.    The acts described herein constitute unfair competition in violation of the law of the State of New York.

46.    Brevet invested substantial time, skill, and money in developing its confidential business materials.

47.    Defendants misappropriated and unlawfully used Brevet's property by using Brevet's proprietary and confidential documents and information without Brevet's authorization or consent and passing them off as their own, as set forth herein.

48.    By using Brevet's confidential business materials, Defendants are representing Brevet's work as their own.

13

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM    INDEX NO. 657280/2020
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 12/24/2020

49.     Defendants' use of Brevet confidential business materials and passing off of Brevet's business, experience and borrowers as Enascor's will likely cause confusion among the intended audience.

50.     Defendants' actions were carried out in bad faith and/or with the intent to injure Brevet's business, and to seek an unfair advantage in competing with Brevet.

51.     As a direct result of Defendants' unfair competition, Brevet has suffered damages in an amount to be determined at trial.

52.     Defendants' acts are egregious, intentional, wanton, and malicious.  Brevet is entitled to punitive damages.

53.     As a direct result of Defendants' unfair competition, unless such conduct ceases, Brevet will continue to be threatened with and suffer irreparable harm for which Brevet possesses no adequate remedy at law.  In addition to damages, Brevet is entitled to injunctive relief against Defendants enjoining them from using Brevet's confidential or proprietary information or business materials, or any derivation thereof, and mandating the return and destruction of all such materials.

<u>**THIRD CAUSE OF ACTION**</u>
**VIOLATIONS OF LANHAM ACT 43(a)(1)(B) – FALSE ADVERTISING**

54.     Brevet repeats and realleges as if fully set forth herein all other paragraphs of this pleading except those alleged in this cause of action.

55.     Defendants' materials, which Defendants have placed into interstate commerce, contain false or misleading statements, including statements concerning Enascor's experience and borrowers, that have the capacity to deceive a substantial portion of the intended audience.

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM    INDEX NO. 657280/2020

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 12/24/2020

56.     These false or misleading statements are material in that they are likely to influence the intended audience deciding whether to use Enascor's services as either borrowers or investors.

57.     Brevet has been injured as a result of the misrepresentations, including by loss of goodwill.

58.     As a direct result of Defendants' false advertising, Brevet has suffered damages in an amount to be determined at trial.

59.     Defendants' acts are egregious, intentional, wanton, and malicious.  Brevet is entitled to punitive damages.

60.     As a direct result of Defendants' actions, unless such conduct ceases, Brevet will continue to be threatened with and suffer irreparable harm for which Brevet possesses no adequate remedy at law.  In addition to damages, Brevet is entitled to injunctive relief against Defendants enjoining them from using Brevet's confidential or proprietary information or business materials, or any derivation thereof, and mandating the return and destruction of all such materials.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF LANHAM ACT 43(a)(1)(A)– PALMING OFF

61.     Brevet repeats and realleges as if fully set forth herein all other paragraphs of this pleading except those alleged in this cause of action.

62.     Defendants are falsely passing off Brevet's work, including Brevet's unique presentation of its results and experience in confidential marketing materials, as having been performed by Enascor.

63.     The services claimed by Enascor originated with Brevet.  Defendants have falsely designated that Enascor performed those services for Enascor's clients, including through

15

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM
NYSCEF DOC. NO. 1

INDEX NO. 657280/2020
RECEIVED NYSCEF: 12/24/2020

Enascor's wholesale misappropriation of Brevet's materials, when those services were performed by Brevet for Brevet clients.

64.     This false designation is likely to confuse the intended audience about the origin of the sales material and the entity that performed the services described therein.

65.     Brevet has been harmed by Defendants' false designation that Enascor, a direct competitor of Brevet, actually authored the materials regarding "its" brand of service and performed the services described therein.

66.     As a direct result of Defendants' reverse palming off, Brevet has suffered damages in an amount to be determined at trial.

67.     Defendants' acts are egregious, intentional, wanton, and malicious.  Brevet is entitled to punitive damages.

68.     As a direct result of Defendants' actions, unless such conduct ceases, Brevet will continue to be threatened with and suffer irreparable harm for which Brevet possesses no adequate remedy at law.  In addition to damages, Brevet is entitled to injunctive relief against Defendants enjoining them from using Brevet's confidential or proprietary information or business materials, or any derivation thereof, and mandating the return and destruction of all such materials.

## FIFTH CAUSE OF ACTION
### MISAPPROPRIATION

69.     Brevet repeats and realleges as if fully set forth herein all other paragraphs of this pleading except those alleged in this cause of action.

70.     Defendants intentionally and wrongfully misappropriated Brevet's confidential and proprietary business information.

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM

NYSCEF DOC. NO. 1

INDEX NO. 657280/2020

RECEIVED NYSCEF: 12/24/2020

71.    As a direct result of Defendants' misappropriation, Brevet has suffered damages in an amount to be determined at trial.

72.    Defendants' acts are egregious, intentional, wanton, and malicious.  Brevet is entitled to punitive damages.

73.    As a direct result of Defendants' misappropriation, unless such conduct ceases, Brevet will continue to be threatened with and suffer irreparable harm for which Brevet possesses no adequate remedy at law.  In addition to damages, Brevet is entitled to injunctive relief against Defendants enjoining them from using Brevet's confidential or proprietary information or business materials, or any derivation thereof, and mandating the return and destruction of all such materials.

### SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT

74.    Brevet repeats and realleges as if fully set forth herein all other paragraphs of this pleading except those alleged in this cause of action.

75.    Defendants have been unjustly enriched by obtaining revenues and profits from the acts described above at the expense of Brevet.

76.    It would be against equity and good conscience to permit Defendants to retain any revenue and/or profits generated by their unlawful acts.

77.    As a direct result of Defendants' conduct, Brevet has suffered damages in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT
### (On Behalf of the Short Duration LLCs, and against Defendant Iacovacci)

78.    Brevet repeats and realleges as if fully set forth herein all other paragraphs of this pleading except those alleged in this cause of action.

17

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM          INDEX NO. 657280/2020

NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 12/24/2020

79.     Defendant Iacovacci entered into the Short Duration LLC Agreements with the Short Duration LLCs, pursuant to which he agreed, among other covenants, to be bound by the Company Property and Confidentiality provisions, sections 7.2 and 7.3 as well as by other policies and procedures at Brevet.

80.     By reason of the actions set forth herein, including his use of Brevet's property, writings, and documentation, Defendant Iacovacci materially breached the Short Duration LLC.

81.     Defendant Iacovacci breached the implied covenant of good faith and fair dealing, including by retaining information in violation of the LLC Agreements and using that information as set forth herein, thereby depriving the Short Duration LLCs of the full value of their contracts with him.

82.     The Short Duration LLCs fully performed their obligations under the Short Duration LLC Agreements.

83.     As a direct result of Defendant Iacovacci's breach of contract, the Short Duration LLCs have suffered damages in an amount to be determined at trial.

84.     Defendant Iacovacci's acts are egregious, intentional, wanton, and malicious, and actionable torts as set forth herein.  Those egregious acts are directed not only at plaintiff but at the public through the misappropriations and passing-off as alleged herein.  The Short Duration LLCs are entitled to punitive damages.

85.     In addition to damages, the Short Duration LLCs are entitled to injunctive relief against Defendant Iacovacci enjoining him from using Brevet's confidential or proprietary information or business materials, or any derivation thereof, and mandating the return and destruction of all such materials.

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM    INDEX NO. 657280/2020
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 12/24/2020

## PRAYER FOR RELIEF

WHEREFORE, Brevet seeks judgment against Defendants, jointly and severally, as follows:

1.      Preliminarily and permanently enjoining Defendants from using Brevet's confidential or proprietary information or business materials, or any derivation thereof, and mandating the return and destruction thereof;

2.      Imposing equitable relief including without limitation a constructive trust and overseer over Defendant Enascor, including for any and all revenue any Defendant will realize due to their improper conduct;

3.      Awarding compensatory damages in an amount to be determined at trial;

4.      Awarding punitive damages in an amount to be determined at trial;

5.      Finding and declaring Defendant Iacovacci liable for breach of contract, including breach of the covenant of good faith and fair dealing, and awarding the Short Duration LLCs their damages, plus applicable interest, and equitable and injunctive relief as set forth herein;

6.      Awarding Plaintiffs their attorneys' fees and all other fees, costs, and expenses incurred in bringing this action as well as in each cause of action set forth above, as if fully set forth therein; and

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM
NYSCEF DOC. NO. 1

INDEX NO. 657280/2020
RECEIVED NYSCEF: 12/24/2020

7.    Awarding Plaintiffs such other and further relief as the Court deems just and

proper.

Dated:  New York, New York
        December 24, 2020

REED SMITH LLP

By: */s/ Louis M. Solomon*
Louis M. Solomon
599 Lexington Avenue
New York, New York 10022
Tel: (212) 549-0400
Fax: (212) 521-5450
Lsolomon@reedsmith.com

*Attorneys for Plaintiffs*

20

**FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM**    INDEX NO. 657280/2020

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 12/24/2020

## VERIFICATION

MARK CALLAHAN, being duly sworn, hereby deposes and states:  I am a Managing Director of Brevet Capital Management and a Founding Member of Brevet Short Duration Holdings, LLC and Brevet Short Duration Partners, LLC.  I am authorized to make this verification on behalf of the Plaintiffs.

I have read the foregoing Complaint and attest that, to the extent it concerns acts or matters of which I have direct personal knowledge, I know those allegations to be true and correct.  To the extent that it concerns matters of which I do not have direct personal knowledge, I believe those to be true and correct upon information and belief.

Dated:  New York, New York
　　　　December 24, 2020

_____
MARK CALLAHAN

Sworn to and subscribed before me
this 24th day of December 2020

_____
Notary Public
02 SOS 000576
Qualified in NY Cty exp. 3/2/2022

21

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM

NYSCEF DOC. NO. 2

INDEX NO. 657280/2020

RECEIVED NYSCEF: 12/24/2020

# EXHIBIT A

## TO BE FILED UNDER SEAL

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM

NYSCEF DOC. NO. 3

INDEX NO. 657280/2020

RECEIVED NYSCEF: 12/24/2020

# EXHIBIT B

## TO BE FILED UNDER SEAL

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM
NYSCEF DOC. NO. 4

INDEX NO. 657280/2020
RECEIVED NYSCEF: 12/24/2020

# EXHIBIT C

## TO BE FILED UNDER SEAL

FILED: NEW YORK COUNTY CLERK 12/24/2020 01:57 PM

NYSCEF DOC. NO. 5

INDEX NO. 657280/2020

RECEIVED NYSCEF: 12/24/2020

# EXHIBIT D

## TO BE FILED UNDER SEAL